**STATE of Indiana Appellant (Plaintiff Below),**

v.

**Roy R. RUSS, Appellee (Defendant Below).**

**No. 4–385A68.**

Court of Appeals of Indiana, Fourth District.

July 16, 1985.

Rehearing Denied Aug. 23, 1985.

MILLER, Presiding Judge.

This is an appeal by the State of Indiana from the granting of defendant Roy R. Russ's motion to suppress the evidence obtained by his arrest. The sole issue for our consideration is whether a police officer in a marked police vehicle of one city may stop someone for a traffic *infraction* in another city. We believe the statutes of our state do confer such authority to law enforcement officers and reverse the trial court's ruling.

The pertinent facts are that on March 6, 1984 at approximately 2:30 A.M., Officer Michael Hedgepath of the Lake Station, Indiana Police Department was in Hobart, Indiana where he observed Russ disregard an automatic signal and exceed the posted speed limit. Hedgepath stopped Russ and determined that he had probable cause to arrest him for driving while intoxicated. He arrested Russ and filed a probable cause affidavit.

On June 11, 1984, Russ filed a motion to suppress and reject saying that his arrest for driving while intoxicated was illegal because the arresting officer did not have the authority to effect the arrest. On November 1, 1984 the trial court granted Russ's motion, entering the following findings:

"1. That the defendant was stopped by an officer of the Lake Station Police Department for a civil infraction that occurred within the city limits of the town of Hobart;

2. After stopping the defendant for a civil infraction, the officer obtained probable cause to believe that the defendant was operating under the influence of liquor;

3. The State of Indiana relies upon I.C. 35–33–1–1: 'Powers of a law enformcent [*sic*] officer to make an arrest.'

The Court notes, however, that the defendant was not stopped for a criminal offense, rather, was stopped for a civil infraction, which would fall under I.C. 36–8–3–10.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellant.

Lee J. Christakis, Gary, for appellee.

Court finds that Officer Hedgepath was acting outside of the scope of his authority when he stopped the defendant, and therefore, grants the defendant's motion to suppress."

At the hearing of the motion to suppress, the discussion revolved mainly around the statutes cited below. IND.CODE 35–33–1–1 reads as follows:

"—A law enforcement officer may arrest a person when:

(1) He has a warrant commanding that the person be arrested;

(2) He has probable cause to believe the person has committed or attempted to commit, or is committing or attempting to commit a felony;

(3) He has probable cause to believe the person has violated the provisions of IC 9–4–1–40, IC 9–4–1–54 [repealed], or IC 9–11–2; or

(4) He has probable cause to believe the person is committing or attempting to commit a misdemeanor in his presence."

IND.CODE 36–8–3–10 states:

"—(a) The police department shall, within the city:

(1) Preserve peace;

(2) Prevent offenses;

(3) Detect and arrest criminals;

(4) Suppress riots, mobs, and insurrections;

(5) Disperse unlawful and dangerous assemblages and assemblages that obstruct the free passage of public streets, sidewalks, parks, and places;

(6) Protect the rights of persons and property;

(7) Guard the public health;

(8) Preserve order at elections and public meetings;

(9) Direct the movement of vehicles in public ways or public places;

(10) Remove all nuisances in public parks or public ways;

(11) Provide proper police assistance at fires;

(12) Assist, advise, and protect strangers and travelers in public ways or at transportation facilities;

(13) Carefully observe and inspect all places of business under license, or required to have them; and

(14) Enforce and prevent the violation of all laws in force in the city.

(b) The police chief and each captain, in his precinct, may supervise and inspect all pawnbrokers, vendors, junkshop keepers, cartmen, expressmen, dealers in secondhand merchandise, intelligence offices, and auctions. Any member of the department may be authorized by the chief in writing to exercise the same powers."

The state argued that Hedgepath had stopped Russ for driving while intoxicated and reckless driving, both misdemeanors, and that such stop was authorized under I.C. 35–33–1–1. The trial court, however, found that the original stop was for the civil infractions of disregarding a signal and speeding. The court found that I.C. 36–8–3–10 governed this case, emphasizing the language in section (a) "The police department shall *within the city* ..." (Emphasis added.) The trial court concluded this limited the jurisdiction of municipal law enforcement officials for infractions to within the municipal boundaries.

We disagree with the trial court's finding that I.C. 36–8–3–10 governs this case. The plain language of the statute merely sets forth the *duties* of city police within their respective cities. The statute does not prescribe jurisdictional limitations on the authority of city police officers. The statute only informs city police departments what they are required to do within their city.

Rather we are guided by IND.CODE 34–4–32–2 which states:

"*Whenever* a law enforcement officer believes in good faith that a person has committed *an infraction* or ordinance violation, *he may detain that person* for a time sufficient to:

(1) Inform the person of the allegation;

(2) Obtain the person's:

(A) Name, address, and date of birth; or

(B) Driver's license, if in his possession; and

(3) Allow the person to execute a notice to appear."

(Emphasis added.) The above statute clearly states that a law enforcement officer may, at any time, detain a person suspected of committing an infraction. It does not state any jurisdictional limitation on the authority of law enforcement officers (including city police officers) to detain (or stop) individuals for committing infractions.[1]

■■■ Here the trial court concluded, and indeed the state concedes, that Hedgepath stopped Russ for the civil infractions he witnesses. Hedgepath was within his authority under I.C. 34–4–32–2. While he detained Russ, he detected evidence of driving while intoxicated. Once Hedgepath obtained probable cause for the offense of driving while intoxicated, he had the authority to arrest Russ for that offense. I.C. 35–33–1–1. Consequently, we conclude the trial court erred in granting Russ's motion to suppress. We reverse that order and reinstate the prosecution of Roy R. Russ for driving while intoxicated.

YOUNG, J., concurs.

CONOVER, J., concurs in result.

---

1. Another statute, IND.CODE 9–4–8–1 states:
   "Sec. 1. No peace officers shall have any authority to arrest any person for any violation of any of the laws of this state regulating the use and operation of motor vehicles on the public highways of the state, or any of the ordinances of any city or town thereof, regulating the use and operation of motor vehicles on the public highways of this state, unless, at the time of such arrest, such officer is wearing a distinctive uniform and a badge of authority, or is operating a motor vehicle which is clearly marked as a police vehicle, which will clearly show him or his vehicle to casual observations to be an officer. [T]he provisions of this section shall not be construed to apply to any officer making any such arrest when there is a uniformed officer present at the time of such arrest, nor shall such provisions apply to any regular police officer of any city or town, within the limits of his jurisdiction."
   We are unable to discern any evidence in the record as to whether Officer Hedgepath was in uniform, but it appears that he was in an officially marked police vehicle. Russ does not raise this point, causing us to conclude that I.C. 9–4–8–1 was not violated.